**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Civil Action No. 1:20-cv-22327**

| |
|---|
| THERAGUN, INC., a Delaware corporation, |
| Plaintiff, |
| v. |
| GOLOVAN LTD., d/b/a GETKRAFT, an Israel limited company; DEZHOU CREATE FITNESS EQUIPMENT CO., LTD., a Chinese limited company; and DOES 1 through 10, inclusive, |
| Defendants. |

**PLAINTIFF'S MOTION FOR FEES UNDER 28 U.S.C. § 285 AND FOR COSTS**

Plaintiff Theragun, Inc. ("Theragun" or "Plaintiff"), through undersigned counsel and pursuant to Fed. R. Civ. P. 54(d)(1) and (2), as well as pursuant to S.D. Fla. Local Rule 7.3, hereby moves for the entry of a judgment for attorneys' fees and non-taxable costs in favor of Plaintiff and against the Defendant Dezhou Create Fitness Equipment Co., Ltd. ("Dezhou"), and as grounds, states as follows:

**I.    INTRODUCTION**

On November 20, 2020, the Court entered default final judgment against Dezhou in favor of Theragun on all counts of Plaintiff's Complaint. Dkt. 29. The Court found that Dezhou was liable to Plaintiff for patent infringement of U.S. Patent No. D877,351 (the "'351 Patent"), Dezhou's conduct was willful and intentional and in conscious disregard of Plaintiff's rights, and Dezhou was permanently enjoined from infringing the '351 Patent. For the reasons set forth

1

herein, the Court should also enter an award of attorneys' fees and non-taxable costs on behalf of Plaintiff.

## II. STATEMENT OF FACTS

### A. Background

Theragun is in the business of developing, manufacturing, and selling high-quality, innovative percussive therapy devices and attachments therefor. Theragun invests considerable time, effort and money in developing and protecting its intellectual property, including the unique and novel design and trade dress of its products. Dkt. 1 [Complaint], ¶ 10. Theragun is the owner of the '351 Patent, entitled "Therapeutic Device," issued on March 3, 2020. *Id.*, ¶ 11. The '351 Patent pertains to a particular ornamental design for a therapeutic percussive massage device, including as depicted below in Fig. 1 from Theragun's complaint. *Id.* (showing Fig. 2 of the '351 Patent).



Fig. 1

Dezhou manufactures and sells the infringing device, the "KRAFTGUN," identified in Fig. 2 from the Complaint, shown below (the "Infringing Device"). *Id.*, ¶ 12.

 

Fig. 2

On its brand page on Alibaba (dzcreate.en.alibaba.com), Dezhou states that it "is a professional manufacturer engaged in research, development, production, sale and service of muscle massage products..." that its "products are selling well in North America." Dezhou manufactures the KRAFTGUN that infringes the '351 Patent. *Id*., ¶ 14. Dezhou also sells its infringing products under the brand name CRIFIT. *Id*., ¶ 15. In addition to its retail sales, Dezhou sells or manufactures infringing products to or for distributors or resellers in the United States including, without limitation, the other Defendants herein who, in turn, import, sell, and/or offer to sell the infringing Dezhou products. *Id*. In fact, Dezhou advertises that it can place alternative brand names on its products and packaging and provide sample products within three days. *Id*.

### B. Dezhou's Willful Infringement

As noted, Dezhou manufactures and sells the percussive massage devices that infringe the '351 Patent, including at least the KRAFTGUN product shown in Fig. 1, above. *Id*., ¶ 18. As shown below, a side-by-side comparison of Theragun's '351 Patent and Defendants' Infringing Devices quickly reveals that the Infringing Devices appear substantially the same as Theragun's '351 Patent to an ordinary observer; the resemblance is such as to deceive such an observer, inducing him or her to purchase one supposing it to be the other. *Id*., ¶ 18.

 

Dezhou's liability for willful infringement is well established. Specifically, Plaintiff has pled, and the Court found, (a) that Plaintiff owned the '351 Patent; (b) that Dezhou has, at a minimum, manufactured and sold, and continues to manufacture and sell, the Infringing Devices; (c) that Dezhou does not have a license or other authorization from Plaintiff to make, use, sell, offer to sell, or offer to sell the Infringing Devices or any product which reads on the claims of the '351 Patent; and (d) that Dezhou's unlawful activities, which have been undertaken willfully, have caused Plaintiff damage and irreparable injury. Such allegations, now deemed admissions, established that Defendants are liable for willful direct infringement of the '351 Patent pursuant to 35 U.S.C. § 271. As a result of Dezhou's admitted willful infringement, this Court entered a final judgment and permanent injunction against Dezhou. Dkt. 29. Plaintiff now seeks its attorneys' fees under 35 U.S.C. § 285.[1]

### III. ARGUMENT

#### A. Standard For An Award Of Fees.

The Patent Act provides for an award of attorneys' fees to the prevailing party "in exceptional cases." 35 U.S.C. § 285; *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 188 L. Ed. 2d 816 (2014). In *Octane Fitness,* the United States Supreme Court

---

[1] 35 U.S.C. § 285 states "The court in exceptional cases may award reasonable attorney fees to the prevailing party."

considered an "exceptional case" in the patent statute and ruled that an exceptional case "stands out from others with respect to the substantive strength of a party's litigating position, considering both the governing law and the facts of the case, or the unreasonable manner in which the case was litigated." *Octane Fitness*, 134 S. Ct. at 1756. The Supreme Court also held that "district courts may determine whether a case is 'exceptional in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* Florida courts have determined that cases such as the instant matter meet the *Octane Fitness* standard for an award of attorney's fees. *See Shipping and Transit, LLC v. 1A Auto, Inc.*, 283 F. supp. 3d 1290 (S.D. Fla. Oct. 20, 2017) (adopting report and recommendation for award of fees under Patent Act and ordering same).

### B. The Instant Case Qualifies As Exceptional.

An award of fees is appropriate here under the standards provided in *Octane Fitness* and the Patent Act. Here, by virtue of Defendant Dezhou's intentional and willful infringement and its decision not to participate in the litigation[2] (and its subsequent default), Theragun's well-founded allegations of willful infringement are deemed admitted. Additionally, the amount of infringing sales as disclosed by Defendant Golovan, who purchased Infringing Devices from Dezhou, was substantial, consisting of at least 2500 units at a retail price believe to be at least $370 each[3], totaling more than $925,000. This excludes sales by Dezhou, directly or through other retailers, that are not known because Dezhou would not participate in this case, leading to default judgment. As a result, the instant case indeed meets the exceptionality

---

[2] *See* Dkt. 17 at 7 ("After Dezhou was served in the California case by e-mail and posting on its Alibaba.com website, Dezhou communicated with the plaintiff's counsel from the e-mail address on which service had been effected."); Dkt. 18, ¶ 7 & Ex. 2. Pursuant to this Court Order dated September 16, 2020 (Dkt. 22), Theragun served the Complaint and Summons at the address Dezhou previously had responded in the California case. Dkt. 23. Dezhou never responded.

[3] https://huckberry.com/store/kraft-gun/category/p/62631-kraft-gun-noise-free-massage-gun

5

standard in the Patent Act and under *Octane Fitness*, and Plaintiff prays that the Court enter an award of attorneys' fees incurred to prosecute its meritorious claims against Dezhou.

### C.     The amount sought by Plaintiff and the requirements of Local Rule 7.3.

Plaintiff was required to obtain counsel for the prosecution of this action as only an attorney may represent a company in litigation as a matter of law. *See Palazzo v. Gulf Oil Corp.*, 764 F. 2d 1381, 1385 (11th Cir. 1985). The law firm of Gray | Robinson, P.A. in Miami was retained as Florida counsel for Plaintiff to work with its local, California counsel, Jeffer Mangels Butler & Mitchell LLP ("JMBM") in Los Angeles, California.  The law firm of Gray | Robinson, P.A. accrued $27,529.50 in attorneys' fees while JMBM accrued $25,037.10 in attorneys' fees.  Plaintiff also seeks the recovery of non-taxable costs such as related computer research charges in the amount of $62.78.  In sum, Plaintiff seeks its reasonable attorneys' fees and non-taxable costs in the amount of $52,629.38.

The amount sought is reasonable, particularly with a foreign (Chinese) defendant with no U.S. presence and who deliberately refuses to participate in the litigation even though it was aware of, and was served with, Plaintiff's complaint. Without waiving the attorney-client privilege, and for the purpose of allowing the Court to consider all factors under S.D. Fla. Local Rule 7.3, Plaintiff discloses that it has an hourly rate agreement with its attorneys wherein it pays a reasonable fee based upon the particular hourly rate of the specific attorney or paralegal. Attached to the instant Motion as **EXHIBIT A** is thus an exhibit providing a list of all attorneys and paralegals, their experience, their qualifications, and their hourly rates,

as well as the number of hours reasonably expended[4] by each timekeeper along with a description of the tasks done during those hours (including time sheets).

### D. Local Rule 7.3(a)(7) – Verification.

Counsel for Plaintiff, Elio F. Martinez, Jr., has reviewed the detailed records of attorneys' fees and costs accrued in this case and verifies that the detailed records of attorneys' fees and costs accrued in this case are accurate.

## IV. CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court deem the instant case as exceptional as a matter of law, grant Plaintiff's Motion and award Plaintiff $52,566.60 in attorney's fees, $62.78 in non-taxable costs.

### Local Rule 7.1 and 7.3(a)(8) Certification

Pursuant to Southern District of Florida Civil Local Rule 7.1 and 7.3(a)(8), undersigned counsel certifies that the draft motion with attachments was served on Defendant Dezhou on December 18, 2020 and that the undersigned conferred in good faith to try to agree on entitlement to and the amount of fees. As of the time of the filing of this Motion, Defendant Dezhou has not responded with relation to the specific relief requested in this Motion.

**[SIGNATURE ON FOLLOWING PAGE]**

---

[4] The hourly rates charged by counsel for Plaintiff are reasonable for the level of experience of the attorneys involved and the rates normally charged by attorneys practicing in the field of intellectual property in the Metro-Southeast region of the country. The American Intellectual Property Report of the Economic Survey supports the hourly rates charged by Plaintiff's attorneys.

Dated:  January 11, 2021	Respectfully Submitted,

By:	*/s/Elio F. Martinez, Jr.*
Elio F. Martinez, Jr.
Fla. Bar No. 501158
elio.martinez@gray-robinson.com
Robert R. Jimenez
Fla. Bar No. 72020
robert.jimenez@gray-robinson.com
**GRAY | ROBINSON, P.A.**
333 S.E. 2nd Avenue
Suite 3200
Miami, Florida 33131
Tel: (305) 416-6800
Fax: (305) 416-6887

*Attorneys for Plaintiff Theragun, Inc.*

Rod S. Berman (Bar No. 105444)
rberman@jmbm.com
Gregory S. Cordrey (Bar No. 19014)
gcordrey@jmbm.com
**JEFFER MANGELS BUTLER & MITCHELL LLP**
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067
Tel:  (310) 203-8080
Fax:  (310) 203-0567

*Co-counsel for Plaintiff Theragun, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 11, 2021, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.  Additionally, Plaintiff's counsel will serve this document via email to Defendant Dezhou Create Fitness Equipment Co., Ltd. (to info@dzcreate.cn), as well as through upload to Alibaba.com (https://crifit.en.alibaba.com/), as outlined in the Court's Order Granting Motion for Electronic Service of Process [D.E. 22].

By:	*/s/ Elio F. Martinez, Jr.*
Elio F. Martinez