UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-22327-GAYLES

**THERAGUN, INC., a Delaware corporation**,

      Plaintiff,

      v.

**GOLOVAN LTD., d/b/a GETKRAFT, an Israel limited company; DEZHOU CREATE FITNESS EQUIPMENT CO., LTD., a Chinese limited company; and DOES 1 through 10 inclusive**,

      Defendant.

_____/

## ORDER

**THIS CAUSE** comes before the Court on Plaintiff's Bill of Costs, [ECF No. 31], and Motion for Attorney's Fees Under 35 U.S.C. § 285 and for Costs, [ECF No. 33], (collectively, the "Motions"). The Court has reviewed the Motions and the record and is otherwise fully advised. For the reasons stated below, the Motions are granted.

    **I.**    **BACKGROUND**

Plaintiff Theragun, Inc. initiated this action on June 4, 2020 under 35 U.S.C. §§ 101 et seq. alleging patent infringement against Defendants Golovan Inc. ("Golovan") and Dezhou Create Fitness Equipment Co., Ltd. ("Dezhou"). [ECF No. 1]. On August 25, 2020, this case was dismissed with prejudice against Golovan. [ECF No. 16]. That same day, Plaintiff moved for leave to serve process on Chinese defendant Dezhou electronically. [ECF No. 17]. The Court granted Plaintiff's motion, [ECF No. 22], and Plaintiff served Dezhou via email on September 18, 2020,

[ECF No. 23]. However, Dezhou failed to respond to the Complaint or otherwise appear in this action. Accordingly, the Clerk of Court entered default against Dezhou, [ECF No. 25], and this Court entered a final default judgment finding Dezhou willfully and intentionally infringed Plaintiff's patent, [ECF No. 29]. Plaintiff now seeks attorney's fees under 35 U.S.C. § 285. In this litigation, Plaintiff retained the law firm of Gray | Robinson, P.A. in Miami to work with its local, California counsel, Jeffer Mangels Butler & Mitchell LLP ("JMBM") in Los Angeles, California. The law firm of Gray | Robinson, P.A. accrued $27,529.50 in attorneys' fees while JMBM accrued $25,037.10 in attorneys' fees, for a total of $52,629.38.

## II.     LEGAL STANDARD

Under the "American Rule", a prevailing party may not collect its attorney's fees from the losing party absent explicit statutory authority. *See Buckhannon Bd. & Care Home, Inc. v. W.Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602 (2001). 35 U.S.C. § 285 carves out an exception to the rule and allows a prevailing party to recover attorney's fees in exceptional cases. An "exceptional case" is "simply one that stands out from others with respect to the substantive strength of the party's litigating position . . . or the unreasonable manner in which the case was litigated." *Tobinick v. Novella*, 884 F.3d 1110, 1117 (11th Cir. 2018) (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014)). Whether a case is exceptional is a determination within the district court's discretion. *Id.*

## III.    DISCUSSION

"A case may be exceptional where the infringement was willful." *Carnival Corp. v. McCall*, No. 18-cv-24588, 2020 WL 6788102, at *9 (S.D. Fla. Sept. 8, 2020), *report and recommendation adopted*, No. 18-cv-24588-UU, 2020 WL 6781781 (S.D. Fla. Nov. 18, 2020). Although, "the mere entry of a default judgment on a complaint that alleges willfulness is not

always sufficient to support an award of attorney's fees," courts look to the defaulting defendant's conduct to determine whether the infringement was willful. *See id.* (comparing a case where a defendant wrongfully displayed plaintiff's logo to one where the defendant willfully registered domain names that used the plaintiff's trademark). In this case, Dezhou manufactures and sells infringing products to or for distributors or resellers in the United States who in turn import, sell, and/or offer to sell the infringing product. This conduct demonstrates willful infringement to warrant an award for attorney's fees. *See Unilin Beheer B.V. v. US Wood Flooring, Inc.,* No. 17-cv-60107, 2017 WL 5953423, at *5 (S.D. Fla. June 22, 2017) (finding attorney's fees appropriate where Defendants' decision to continue selling infringing products even after receiving notice demonstrates their willfulness in their infringing activities). Therefore, Plaintiff is entitled to attorney's fees.

To determine an appropriate fee award, courts employ the lodestar method. *See City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). The lodestar method requires the Court to determine an attorney's reasonable hourly rate, and then multiply that rate by the number of hours reasonably expended. *Norman v. Housing Auth. Of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1988). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.*  The calculus for hours reasonably expended is that compared to similar litigation and may not include "excessive, redundant or otherwise unnecessary" hours. *Id.* at 1301; *see also Simon v. Leaderscape LLC*, 565 F. Supp. 2d 1332, 1335 (S.D. Fla. 2008). "The Court may use its own experience in assessing the reasonableness of attorneys' fees." *H.C. v. Bradshaw*, 426 F. Supp. 3d 1266, 1275 (S.D. Fla. 2019) (citing *Norman*, 836 F.2d at 1299). Having reviewed Plaintiff's timesheets and

attorney biographies, [ECF No. 33-1], the Court finds that the requested sums are reasonable. Therefore, Plaintiff is entitled to $52,566.60 in attorney's fees and $62.78 in non-taxable costs.

Additionally, Plaintiff requests costs other than attorney's fees. Federal Rule of Civil Procedure 54 states in part, "[u]nless a federal statute, these rules, or a court provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A "prevailing party" is the party in whose favor judgment is rendered by the Court. *See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002). Since this Court entered judgment in favor of Plaintiff, [ECF No. 29], Plaintiff is the prevailing party and is entitled to costs under 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54. *See Unilin Beheer B.V.*, 2017 WL 5953423, at *5. Therefore, costs are hereby taxed against Plaintiff in the amount of $400.

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that

1. Plaintiff's Motion for Attorney's Fees Under 35 U.S.C. § 285 and for Costs, [ECF No. 33], is **GRANTED**;
2. Plaintiff's Bill of Costs, [ECF No. 31], is **GRANTED**; and
3. Plaintiff shall recover from Defendant Dezhou Create Fitness Equipment Co., Ltd. $52,566.60 in attorney's fees and a total of $462.78 in costs, for a total of $53,029.38, for which sum let execution issue.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 17th day of May, 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE